IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Vanderbilt Mortgage and Finance, Inc., ) | |
| ) | C/A No. 3:16-1249-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Inez Briggman Cokely, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On November 24, 2015, Plaintiff Vanderbilt Mortgage and Finance, Inc. filed a claim and delivery complaint in the Court of Common Pleas for Richland County, South Carolina, against Defendant Inez Briggman Cokley, a/k/a/ Inez Briggman Cokely. Plaintiff alleges that Defendant delivered a consumer loan note, security agreement, and disclosure statement to Plaintiff in the amount of $36,551.00, secured by a mobile home. According to Plaintiff, Defendant is in default under the note. Plaintiff seeks to repossess the mobile home.

Defendant, proceeding pro se and in forma pauperis, removed the case to this court on April 22, 2016. Defendant contends that the state court lacks subject matter jurisdiction. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge reviewed the complaint and determined that the court lacks both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. The Magistrate Judge further observed that Defendant is without authority to remove the case as she is a citizen of the forum state, South Carolina. See 28 U.S.C. § 1441(b)(2). Accordingly, on April 28, 2016, the Magistrate Judge issued a Report and Recommendation in which she recommended that the complaint be remanded to the

Court of Common Pleas for Richland County, South Carolina.

Defendant filed "Objection to Plaintiff's Interrogatories" on May 23, 2016. Defendant's objection reads as follows:

> I, Briggman-Cokely, Inez, is a native of South Carolina who is an American. I am the Authorized Representative of INEZ BRIGGMAN COKELY which is the property and Franchise of the Federal Government known as U.S. Citizen. (See case Law Wheeling Steel v. Fox - "Therefore, the U.S. citizens residing in one of the states of the union, are classified as property and franchises of the federal government as an "individual entity").
>
> I object to the Plaintiff's interrogatories because it is simply a document executed by the Plaintiff's attorney who has no standing in court. (See Trinsey v. Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647.... "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment. "Factual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case. Therefore I object to any pleading by the attorney because he is unable to provide any contract that shows that the living woman is surety for the U.S. Citizen/Artificial Person/Individual Entity.

ECF No. 12.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Defendant's objections fail to rebut the Magistrate Judge's determination that this court lacks subject matter jurisdiction. The court concurs in the recommendation of the Magistrate Judge. The within action is remanded to the Court of Common Pleas for Richland County, South Carolina.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 26, 2016

3